## Fred C. Fiske and Edith M. Fiske
### v.
## State Highway Board

[ 209 A.2d 482 ]

February Term, 1965

Present:  **Holden, C. J., Shangraw, Barney, Smith and Keyser, J. J.**

Opinion Filed April 6, 1965

*A. Pearly Feen* for plaintiffs.

*Joseph E. Frank* for the State.

**Keyser, J.** This land condemnation case is here for the second time on an appeal by the plaintiffs. The first trial resulted in special jury verdicts of $60,265.00 for the property taken and $10,235.00 for damage caused by the taking to the remaining property after the taking, or a total verdict of $70,500.00. Upon appeal we remanded the case for retrial upon the limited issue of business loss on the ground that the trial court had erroneously excluded this item of damage from the consideration of the jury. *Fiske* v. *State Highway Board,* 124 Vt. 87, 197, A.2d 790.

The retrial on the sole issue of business loss was resolved by a jury verdict for $2,500.00. The plaintiffs then moved that judgment be entered in their favor to recover the sum of $80,500.00, less payment received, leaving an unpaid balance of $6,400.00. The defendant moved that judgment on principal liability be rendered for plaintiffs in the sum of $78,000.00 without interest on the unpaid balance and for costs against the plaintiffs. The court below granted defendant's motions and denied plaintiffs' motion. With the permission of the Court, plaintiffs appealed from these rulings before entry of final judgment. The written motions and the order ruling thereon of the trial court together with the appeal sufficiently present the question of law to be reviewed without being further stated by the court below as required by Supreme Court Rule 2A.

The only issue raised by this appeal is the amount of the judgment to be entered for the plaintiffs.

The plaintiffs argue that under the statute, 19 V.S.A. §230, they are entitled not only to the amount of the award of $78,000.00 made by the highway board but also, in addition, the amount of the jury verdict of $2,500.00 for business loss, or a total of $80,500.00. The defendant denies plaintiffs' claim. It takes the position that since the total of the three verdicts was less than the $78,000.00 awarded by the highway board, defendant's principal liability to the plaintiffs should be in the amount of this award without interest and costs taxed to plaintiffs.

When an owner of land or rights and the highway board are unable to agree on the amount of compensation to be paid the land owner, the board then fixes a time for and holds a hearing at which any person having an interest in the land may appear and be heard. 19 V.S.A. §229. Within twenty days thereafter, the board by its order fixes the compenastion to be paid to the person from whom land or rights are taken. 19 V.S.A. §230.

There is no mandate in these statutes that the highway board shall indicate the elements of items comprising its overall award. There is no responsibility resting upon the board in this respect. In essence, its award is a total, lump-sum settlement figure. A judicial award is unlike that made by the highway board. The trier of fact (court or jury) in this type of proceedings must find separately the value of each of the three elements of damage involved in the case as specified in 19 V.S.A. §221 (2). Special verdicts are required to be returned by the jury for each element involved. 12 V.S.A. §1904a. On the other hand, the highway board is only required "by its order to fix compensation to be paid to each person from whom land or rights are taken." 19 V.S.A. §230. The only time the award of the highway board becomes relevant in the proceeding is when it is less than the judicial award. In that event, the board's award becomes the basis of the final judgment and is determinative of the amount of such judgment. 19 V.S.A. §230.

There is nothing in the record which suggests that the award was not regular or that the board did not follow all statutory requirements. Neither is there any indication in the record that the award of the highway board was solely for real estate compensation. Under such situation the presumption of regularity applies. We have held on numerous occasions that acts which purport to have been done by public officers in their official capacity, and within the scope of their duty, will be presumed to have been regular and in accordance with their authority. *Hoosier Engineering Company* v. *Shea,* 124 Vt. 341, 343, 205 A.2d 821, 823, and cases there cited. The plaintiffs have not produced any record to dispute this presumption and in support of their position.

An appeal by a land owner from the board's award to county court results in a trial *de novo* of the issue of damages and may be by jury trial. 19 V.S.A. §232. The issue of compensation or damages raised by plaintiffs' appeal from the award of the highway board was three fold. As provided by 19 V.S.A. §221(2), plaintiffs' compensation was for (1) value of the property taken, (2) damages resulting to the remainder and (3) business loss. As we have pointed out, the first trial of the case concluded by the jury returning special verdicts for items one and two of plaintiffs' damages. The issue of business loss was withheld from the jury by the trial court and on appeal to this court, we held this was error.

In disposing of the previous appeal of this case, we made the following entry, 124 Vt. at p. 93:

"Judgment reversed. The general verdict is vacated. Special

verdicts No. 1 and No. 2 are affirmed. Cause remanded for retrial on the limited issue of business loss."

It clearly appears from this entry that two of the elements of damage or compensation were determined with finality at the first trial. This left only the remaining item of business loss to be tried and determined before a judgment properly could be entered. The jury verdict for business loss was $2,500.00. This sum added to $70,500.00, the amount of the other two items of compensation, make the total amount of damages determined by the jury in accordance with the statute as $73,000.00. This sum is less than the highway board award of $78,000.00.

■ The entry order on the appeal specifically provided that the general verdict was vacated and the judgment was reversed. There is and can be only one judgment in county court for plaintiffs' damages or compensation. The statute defines the elements which make up such compensation. Here, all three elements are in the case and the jury has found by its special verdicts the amount of each. The sum total of the three verdicts being less than the highway board award, the appellants have not prevailed in their appeal to county court.

It is provided in part by 19 V.S.A. §230: "If the appellant does not prevail, after the deduction of taxed costs the balance, if any, of the five per cent of award withheld shall be forthwith paid to the appellant by the board." Under 19 V.S.A. §233, when the award fixed by the board is upheld, the court is required to tax costs against the appellant. Under the applicable statutes and the entry order of this court on the prior appeal the court below properly ruled on the motions presented.

Under our holding, the plaintiffs appear to argue that in the alternative the case should be remanded for a new trial on all issues. The review in the prior appeal, 124 Vt. 87 at page 93 of the opinion, disposes of this proposition and is conclusive of the rights of the parties.

*The rulings of the court on the motions filed by the parties are affirmed. Cause is remanded for entry of judgment in accordance therewith.*