## State Highway Board v. Palla S. Hazen, et al

[ 221 A.2d 579 ]

June Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed July 11, 1966

*Louis P. Peck,* Deputy Attorney General, for the Highway Board.

*Parker, Ainsworth & Richards* for the Petitionees.

**Keyser, J.** This is a petition under 19 V.S.A. §227 to determine the necessity for the construction of a segment of interstate highway with an interchange in the Town of Norwich and includes the relocation and alteration of a section of both U.S. Route No. 5 and Vt. Route No. 10.

There were no pleadings or answer filed to the petition. The court below after hearing and findings determined the taking was necessary. This appeal is by Emma Sargeant, a property owner on State Route No. 10, joined by her husband, and by a tenant of Mrs. Sargeant.

The only objection of these appellants to the entire project related to the relocation and alteration of State Route No. 10, project S 0170(1) ROW. On the evidence presented by the appellants their objection was confined to the part of that highway beginning with the Boston and Maine RR overpass to the Ledyard Bridge which spans the Connecticut River. This stretch of highway covers a distance of some 500 feet. Mrs. Sargeant's real estate is located on both sides of this section of Route No. 10.

The highway board proposes to replace the railroad overpass with a new bridge, raising its height from the present 18 feet to 22 feet and increasing the width to a four-lane bridge. The grade of the highway from the overpass will be reduced to 10 per cent. The road is continued with four lanes to about 250 feet from Ledyard Bridge at

which point it is reduced to two lanes and then connects with the two-lane New Hampshire highway. These changes in the so-called Lewiston area will result in the taking of a part of Mrs. Sargeant's property.

Appellants first claim their evidence showed the highway board failed to comply with the provisions of 19 V.S.A. §222(c). They claim the failure of the court to so find was error and contend that non-compliance by the board with §222(c) presents a jurisdictional question.

Section 222(c) provides:

"(c) For the purpose of receiving suggestions and recommendations before expending public money for engineering and condemnation, before arriving at its judgment as required in paragraph (a) the board shall conduct a public hearing upon not less than thirty days' notice published in a newspaper having general circulation in the area affected and upon notice by mail to the legislative body of the municipalities affected and upon notice by registered mail to owners of lands and rights therein affected by the judgment.

The notice shall set forth the purpose for which the land or rights are desired and shall generally describe the improvement to be made.

At the hearing the board shall set forth its reasons for the selection of the route intended and shall hear and consider all objections, suggestions for changes and recommendations made by any person interested.

Following the hearing the board shall proceed to lay out the highway, and it shall cause to be surveyed the land to be taken or affected, giving due and proper consideration to the objections, suggestions and recommendations."

Mrs. Sargeant and her tenant, Mrs. Follett, testified that the first notice that project "S 0170 contained by description the area between Ledyard Bridge and the B & M overpass" was by the petition served on them in this proceeding. For this reason appellants urge lack of jurisdiction by the court to entertain the petition to determine necessity.

In *State Highway Board* v. *Coburn, et al,* 125 Vt. 513, 219 A.2d 582, the appellants filed a motion for permission to reargue. Our con-

sideration of the case and the motion involved the above statute, 19 V.S.A. §222(c). This court, by a unanimous per curiam decision, said:

"The explicit object of the hearings required by this section is to bring to the attention of the highway board the objections of the landowners, the municipalities involved and the public at large to the contemplated construction. The board must hear their suggestions and recommendations for changes in the proposed highway before the actual survey of the land proposed to be taken for the project.

When the appellants complain of the alleged inadequacy of the investigation and the failure of the highway board to make findings, they mistake the nature of the proceedings called for by section 222. They are exploratory and informative, but not judicial. The highway board is not conducting a trial or hearing as a court or judicial body. *Am. Oil Co.* v. *State Hwy. Bd.;* 122 Vt. 496, 501."

The appellants misconstrue §222(c) as being an essential step preliminary to the maintenance of condemnation proceedings. The intent of the statute is to provide the opportunity to municipalities and interested persons, after notice, to air their views and express their suggestions at a public hearing concerning a proposed highway project. This is an exploratory and informative action and aids the board to determine the feeling and sentiment of the public and landowners. Also, this section is designed to afford the public and landowners the privilege to participate in the administrative decision of the board. The public hearing is not held to determine the right of the board to condemn property or decide the question of necessity for the highway but rather its location. The statute does not require finalized plans or survey to be presented at the public hearing. Under the statute the board is justified in giving in its notice and presenting at such meeting only a generalized description of the improvement to be made rather than a detailed survey of the project. Furthermore, the design of the road is for the board after its location is determined. Here, there is no relocation of the road objected to. It is only being made wider.

The appellants filed no pleadings setting forth the facts relied upon regarding lack of notice. Neither did they ask the court to stay the hearing upon the petition until there was a compliance with sec-

tion 222(c) by the board. This procedure would have given appellants the opportunity to present their suggestions and recommendations, as well as their objections, to the project. This was the proper course for the appellants to have adopted and thus have the court below determine this preliminary question in the case and give relief if the facts so warranted it. Instead, the hearing proceeded before the court below with evidence being produced by the parties on the matter of necessity.

Moreover, no claim is asserted, and the record fails to show, that the appellants have in any way been prejudiced by the lack of notice of the planned change to that section of Route No. 10 to which they object. Appellants do not contend that they received no notice at all— only that the notice did not refer specifically to the alteration in the Lewiston area as described in the petition in this case. Appellant Follett testified she attended all but one of several hearings held in Norwich on the "Whole Interstate Complex Through Norwich" and that there was discussion at the meetings "about the section of S 0170 between Ledyard Bridge and B & M Bridge." There was a notice of the overall project and this with other evidence in the case shows no prejudice or injury was caused to the appellants by any shortage in the notice given.

The appellants contention that the court is without jurisdiction is not sustained.

The appellants further claim the lower court erred by its failure to fully explore the applicability of 30 V.S.A. §1523 to the factual situation then before it. This statute provides that "In repairing the overpass" in question it "may be constructed with such clearance between the top of the rails and the lowest portion of the overpass structure as the public service commission shall determine will best protect all persons from danger of injury, having regard both for railroad employees and for the public using the highway and the railroad station. However, in no case shall such overpass be reconstructed with less than the present clearance."

The state argues that this statute is applicable only in case the existing bridge structure is being *repaired*. The evidence shows that the railroad overpass bridge is to be an entirely new structure. For this reason the state contends 30 V.S.A. §1521 is the controlling statute. That statute provides that the structure of all bridges there-

after constructed over railroad tracks in this state with two exceptions not in point here, shall be built with a 22 foot clearance between the tracks and the overpass.

■ Whether or not the state obtained approval of the public service board is immaterial to the question of necessity which was the issue for the lower court to decide. 19 V.S.A. §§224 and 227. Moreover, the appellants are not proper parties to raise this question of approval of the public service board in this proceedings. Such approval, if required, is a matter in which only the railroad and highway board are involved.

The appellants are critical of the design of the highway project between (and including) the railroad overpass bridge and Ledyard Bridge. They claim the evidence shows this section of the project is marginal from a safety standpoint and thus is defective.

The appellants cite *Latchis* v. *Highway Board,* 120 Vt. 120, 125, 134 A.2d 191, as authority that public safety is *the* critical element in determining whether reasonable necessity exists with respect to highways. Since that case was decided the legislature has defined "necessity" and has given the term a broader and more inclusive meaning. 19 V.S.A. §221. All of the elements therein specified must be considered by the court in deciding the question of necessity.

The appellants urge that in view of the obligation of the board to design highways as safe as practicable it is not warranted under the *Latchis* case, *supra,* in ignoring the apparent applicability of 30 V.S.A. §1523. Safety is critical but perfection is not required to justify the necessity of the taking.

The lower court found "That existing Route 10A is extremely hazardous and that the planned project will result in a great improvement from a traffic safety standpoint and that traffic on 10A will be controlled by appropriate lights and traffic signs."

A search of the record indicates that there is legitimate evidence which fairly and reasonably tends to support this, and other material findings, relating to the design and safety aspects of the project, and, thus, must stand. *Savard* v. *George,* 125 Vt. 250, 254, 214 A.2d 76. The judgment order is amply supported by the findings of fact and must be affirmed.

*Judgment affirmed.*

**Smith, J.** (Dissenting). We are confronted here with an admitted failure of the Highway Board to comply with the provisions of 19 V.S.A. §222 (c), relative to the proposed highway changes and alteration to be made in the so-called Lewiston area. This is the very area in which the appellants here have their property rights. But no notice was served on them setting forth the purposes for which their property rights might be desired, nor describing generally the improvements that were to be made in that area. One of them was not present at any of the hearings held on other parts of the proposed project, and there was, of course, no hearing on the Lewiston project, as such.

The opinion of the majority, in essence, is that compliance with 19 V.S.A. §222 (c) is not required as an essential step to the maintenance of condemnation proceedings by the Highway Board, unless a showing of prejudice is made as a result of such non-compliance by an appellant.

In my opinion, the intent of the Legislature in enacting this section of the highway condemnation statute is crystal clear. The statute [19 V.S.A. §222 (c)] provides that a hearing under this section "shall" be had, but only after compliance with the requirement of the section relative to notice of such hearing, including "notice by registered mail to owners of lands and rights therein affected."

The same section is explicit that the Board shall give such notices, and hold such hearing "before expending public money for engineering and condemnation" and "before arriving at its judgment" that the interest of the state shall require such relocation or alteration.

I agree with the majority that the notice and hearing provided for does not call for a judicial determination by the Board. Such is not the legislative intent. The intent, as declared by the statute, is to fully inform owners of property rights of the proposed plans and improvement which may involve a taking of their rights by eminent domain. The hearing provided for in 19 V.S.A. §222 (c) is to give those most vitally interested in the proposed taking of land the opportunity to examine the reasoning of the Board to justify the proposed taking, and on their part to offer suggestions and recommendations to the Board which may well alter the proposed plans.

The statute provides that only after this hearing can the Board proceed to lay out the highway, and the statute also requires the Board to give "due and proper considerations to the objections, sug-

gestions and recommendations made at such hearing," a hearing that admittedly was never held in the instant case.

In my view, the burden is not upon these appellants to show that they were prejudiced by the lack of notice and hearing which they were entitled to, and which 19 V.S.A. §222 (c) made mandatory on the Highway Board to afford them. My view is that the burden was on the Highway Board to show a compliance with the statute here cited before such Board entered into a judgment which determined the necessity of taking such lands, or even to decide if such necessity existed.

While final determination of whether a taking of land is for a public purpose rests with this Court, I cannot agree that such power includes the right to waive the statutory requirements imposed by the Legislature as to the preliminary steps that must be taken by the Highway Board before it can take privately owned property rights.

Highway authorities should not be allowed to expedite the acquisition of private lands for highway purposes by ignoring preliminary procedural steps enacted by the Legislature for the protection of those whose private property rights are to be drastically affected.

I would reverse that part of the judgment order below affecting the private property rights in the proposed highway between the Ledyard Bridge and the Boston and Maine Railroad Bridge and dissent from that part of the majority opinion affirming this part of the order below.