**Beverly Moore, et al. v. William A. Gilbert, Chairman of the Public Service Board, et al.**

[321 A.2d 13]

No. 186-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed March 29, 1974

*Mary Just Skinner, Esq.,* Vermont Legal Aid, Inc., Montpelier, and *Thomas L. Hayes, Esq.,* Burlington, for Plaintiffs.

*Averill Laundon,* General Counsel, and *Robert A. Mello,* Special Counsel, for Public Service Board.

*Ryan, Smith & Carbine* and *Donald L. Rushford,* Rutland, for Electric Companies.

**Barney, J.** This is a declaratory judgment action brought under the provisions of 3 V.S.A. § 807. Support for this proceeding is also claimed under 12 V.S.A. § 4711 and V.R.C.P. 57 and 65. After the matter was heard, the lower court concluded General Order No. 55, relating to the purchase power and fuel adjustment clause, was invalid. Following this decision, the prevailing plaintiffs moved that an injunction issue restraining any implementation of General Order No. 55 since that had not been ordered in the original judgment. After a hearing, the injunction was granted. Several other procedural matters arose and were resolved that need not

concern this review of the merits, which is now before this Court on appeal.

This case is related to the case of *In re Petition of Allied Power and Light Co.*, 132 Vt. 354, 321 A.2d 7 (1974), handed down with this opinion. It is affected by the same combining of rule- and rate-making that beclouds that case. The substantive issues relating to the rate-making aspects of General Order No. 55 were disposed of in that opinion.

Additionally, this matter suffers from a contention of remedies apparently available from a number of sources. It is for this Court to sort out and set forth the appropriate areas of all these procedures in a manner that effectuates the legislative purposes and places court rules in perspective.

Directly involved are certain statutes relating to administrative procedures generally and to the Public Service Board particularly. We proceed initially to the particulars. 30 V.S.A. § 12 provides:

> A party to a cause who feels himself aggrieved by the final order, judgment or decree of the board may appeal to the supreme court. However, the board, in its discretion and before final judgment, may permit an appeal to be taken by any party to the supreme court for determination of questions of law in such manner as the supreme court may by rule provide for appeals before final judgment from a county court or the district court. Notwithstanding the provisions of the Vermont rules of civil procedure or the Vermont rules of appellate procedure, neither the time for filing a notice of appeal nor the filing of a notice of appeal, as provided herein, shall operate as a stay of enforcement of an order of the board unless the board or the supreme court grants a stay under the provisions of section 14 of this title.

For the purposes of this case, the most important direction of the statute is in the last sentence, forbidding an automatic stay.

Turning next to 30 V.S.A. § 14, we find the prohibition against a stay or vacation of the Public Service Board's order repeated in the following language:

> The supreme court may reverse or affirm the judgments, orders or decrees of the board and may remand

a cause to it with such mandates, as law or equity shall require; and the board shall enter judgment, order or decree in accordance with such mandates. The transfer of the cause to the supreme court shall not vacate any judgment, order or decree of the board, but the supreme court or, when not in session, a justice thereof upon notice to interested parties, may suspend execution of the same as justice and equity require, unless otherwise specifically provided by law. . . .

Thus we find a strong legislative statement that there is to be no avoidance of the immediate implementation of an order of the Board, except by proceedings before this Court or a justice thereof. The present case, however, by the granting of an injunction, accomplished such a stay.

This result was justified by the lower court under the provision of 3 V.S.A. § 807, which states:

The validity or applicability of a rule may be determined in an action for declaratory judgment in the Washington county court if it is alleged that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The agency shall be made a party to the action. A declaratory judgment may be rendered whether or not the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question.

It would seem that the language of that section is broad enough to encompass this action and its issue therein. However, that there are definite limits to its application is initially made clear in 3 V.S.A. §§ 801(2) and 809–815, which distinguish "contested cases", including rate proceedings, from declaratory proceedings relating to the validity or applicability of rules. Thus, this special grant of the right to seek declaratory relief is distinguished from, and of narrower scope, than the remedy contemplated in 12 V.S.A. §§ 4711–4725 and its associated V.R.C.P. 57. The nature of the present proceeding will not support a definitive explanation of that difference but does require recognition.

It is just here that the merging of rule-making and rate-making are of critical importance. The parties all agree that

General Order No. 55 has its crucial impact on the rights and liabilities of the parties as a rate regulation. Faced with the emphatic legislative policy restricting suspension of such orders to the Board, or on appeal to this Court or a justice thereof, the interjection of an injunction order from another tribunal to accomplish such a suspension cannot be supported in a case of this kind. Such a practice violates this Court's determination in *In re: New England Tel. & Tel. Co.*, 131 Vt. 470, 307 A.2d 783 (1973), that rate-making was within the province of the Public Service Board, as well as permitting 30 V.S.A. §§ 12 and 14 to be rendered nugatory by the device of declaratory judgment.

The findings and order of the lower court make it clear that both the invalidation of General Order No. 55 and the subsequent injunction were based upon the conflict between that order and the rate-making authority of the Public Service Board. Although the conclusion reached is in general agreement with the result in the companion case *In re Petition of Allied Power and Light Co., supra*, it still represents a collateral action affecting a rate-making proceeding in a manner contrary to legislative policy. Thus, the action and the injunction must fail. Since the critical issues raised in the whole matter are dealt with in the previously noted companion case, the disposition in this matter can be confined to dismissal.

### Note

**Barney, C.J.** This case, being so closely associated with the case of *In re Petition of Allied Power and Light Co.*, 132 Vt. 354, 321 A.2d 7 (1974), the Entry Order was recalled and clarified in order that the intended disposition of the case be made abundantly clear.

*Injunction dissolved, judgment reversed, and cause dismissed. The dissolution of this injunction shall not be taken to validate, or authorize the recoupment of, any rates not found by the Public Service Board to be in full compliance with the provisions of 30 V.S.A. §§ 208, 218, 219, 225, 226 and 227, as they may be applicable. See In re Petition of Allied Power and Light Co., 132 Vt. 354, 321 A.2d 7 (1974). This entry and mandate shall issue forthwith.*