Arthur and Grace Auclair, et al.

v.

Vermont Electric Power Co., Inc. and Vermont Public Service Board

[323 A.2d 578]

No. 103-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed July 1, 1974

Motion for Reargument Denied July 26, 1974

520

*Michael B. Clapp, Esq.,* of *Dinse, Allen & Erdmann,* Burlington, *Laurence Rose, Esq.,* of *Gravel, Shea & Wright,* Burlington, and *McNamara, Fitzpatrick, Sylvester, Farrell & Maley,* Burlington, for Plaintiffs.

*Frederick deG. Harlow, Esq.,* of *Ryan, Smith & Carbine,* Rutland, for Vermont Electric Power Co., Inc.

*Averill Laundon,* General Counsel, for Vermont Public Service Board.

**Per Curiam.** Defendants here seek, under V.R.A.P. 8, to stay a judgment order of the Superior Court for Chittenden County, dated May 29, 1974, permanently enjoining the construction of a proposed 115 KV electrical transmission line, as authorized by Findings and Certificate of the Public Service Board dated July 25, 1972, and the conducting before said Board of any condemnation proceedings affecting the lands of the petitioners.

From affidavits accompanying defendants' motion, the arguments of counsel, and the record of the previous appeal and decision in this matter, *Petition of Vermont Electric Power Company, Inc.,* 131 Vt. 427, 306 A.2d 687 (1973), we conclude that the generally recognized requirements for granting of a stay are here met.

The lower court denied defendants' application for a stay. The applicants appear likely to prevail on the merits of the appeal. *Petition of Vermont Electric Power Company, Inc., supra; Moore* v. *Gilbert,* 132 Vt. 365, 321 A.2d 13 (1974); *State Highway Board* v. *Hazen,* 126 Vt. 46, 221 A.2d 579 (1966). Since the line here in question is a connecting link between the Velco transmission system and the City of Burlington distribution system, the failure of the lower court to grant the motion below to join City of Burlington as a party

enhances appellants' likelihood to prevail. V.R.C.P. 19. This is a particularly cogent reason for granting the requested stay, since the threatened irreparable damage of wide power failure would be directly to the City of Burlington and its customers.

Plaintiffs argue no irreparable damage to themselves, beyond the expense of contesting pending necessity proceedings. Since the thrust of their whole action seems to be an opportunity to contest necessity twice, under both 30 V.S.A. § 248 and 30 V.S.A. § 112, the irreparable damage involved in the expense of contesting it only once is not apparent.

The public interest is served by granting the requested stay. 30 V.S.A. § 248 on its face requires no personal notice to affected landowners and appears to be purely conceptual in nature. State Highway Board v. Hazen, supra. Their contentions in this respect appear to have been generally considered and overruled in Petition of Vermont Electric Power Company, Inc., supra. The contemplated procedures before the Public Service Board afford plaintiffs an opportunity to litigate the necessity of the proposed taking. Since the injunction below effectively enjoins City of Burlington without making it a party, and risks an extended power outage to protect an interest which appears to be, at most, one of personal convenience, the requested stay should be granted, and the cause advanced for early hearing on the merits.

The order of the Superior Court for the County of Chittenden dated May 29, 1974, is hereby stayed effective forthwith. Appellants are to file their briefs in chief with this Court on or before July 18, 1974; appellees are to file their briefs in chief with this Court on or before August 1, 1974.