**MATSUO TAKABUKI, MYRON B. THOMPSON, WILLIAM S. RICHARDSON, HENRY H. PETERS**, and **OSWALD K. STENDER**, Trustees of the Kamehameha Schools/Bishop Estate, Appellants–Appellants, v. **HOUSING FINANCE AND DEVELOPMENT CORPORATION**, Appellee–Appellee

NO. 15030

(CIV. NO. 90–2098)

DECEMBER 10, 1991

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

## OPINION OF THE COURT BY PADGETT, J.

This is an appeal from appellee Housing Finance and Development Corporation's (appellee) adoption of Resolution No. 112, designating residential lots in Kahala for leased fee condemnation under HRS Chapter 516. Specifically appellant Trustees of the Kamehameha Schools/Bishop Estate (appellants) are complaining that HRS § 516–22 states in part:

> and if, after . . . public hearing . . . the authority finds the acquisition of the leased fee interest . . . will effectuate the public purposes of this chapter.

In this case, appellants assert that the public hearing was pro forma only, attended by employees of the appellee corporation, that no findings were made at the hearing, and that the finding of public use in the resolution was not based upon what occurred at the hearing.

It is obvious that the public hearing called for under HRS § 516–22 is not a contested case hearing for the purposes of HRS § 91–9 nor is it a hearing such as is contemplated by HRS § 91–3 for the adoption, amendment or repeal of rules. Moreover, the determination of public use does not appear to be a rule under HRS § 91–1(4).

Thus it would appear that the public hearing called for under HRS § 516–22 serves only an informational purpose, and the agency's determination to proceed with a condemnation of a tract of land because it would serve the public purpose does not depend upon some form of prior hearing.

Proceedings under HRS Chapter 516 are, however, not unique in this regard. Agencies with the power of eminent domain reach a determination to proceed with an action as being for the public use administratively in the usual case.

That does not mean, however, that the landowner has no means of contesting public use, since HRS § 101–34 expressly

provides that if the landowner properly raises the question of whether there is a public use, the issue can be separated out and tried and indeed appealed in advance of the valuation trial.

Thus, we hold that the appellee had the power to adopt the resolution in question. The appellants, however, have the right in the eminent domain proceedings under HRS § 101–34 to contest the public use, and that includes a contest of whether or not the prerequisites to such a condemnation set forth in the various provisions of HRS Chapter 516 such as the size of the tract, the number of the persons applying, etc., have been met. Issues raised as to those qualifications are factual issues which the landowner is entitled to try, de novo, before the circuit court in an evidentiary hearing, despite any previous determination with respect thereto by the appellee. Since the appellants have a complete, constitutional, and adequate remedy by which they can raise the issue of public use in the eminent domain proceedings, they have no appeal from the adoption of the resolution in question. Accordingly, the judgment below is affirmed.

*Paul S. Aoki* (*Charles A. Price* with him on the briefs; Ashford & Wriston, of counsel) for appellants.

*Gary K.H. Kam* (*Sonia Faust, Stanley H.C. Young*, and *Carolee M. Aoki* on the brief), Deputy Attorneys General, for appellee.