# In re Chittenden Solid Waste District

[657 A.2d 197]

No. 94-223

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed January 20, 1995

*Michael L. Burak, Brian J. Sullivan* and *Robert I. Goetz* of *Burak & Anderson* and *Joseph E. Frank* of *Paul, Frank & Collins, Inc.*, Burlington, for Plaintiff-Appellant.

*Dennis R. Pearson, Charles T. Shea* and *Robert F. O'Neill* of *Gravel and Shea*, Burlington, for Defendant-Appellee.

**Allen, C.J.** Chittenden Solid Waste District (CSWD) appeals from a decision of the Chittenden Superior Court dismissing a petition for condemnation of land owned by the appellee, Hinesburg Sand & Gravel Company (HS&G). We reverse.

CSWD is a union municipal district organized in 1987 under 24 V.S.A. §§ 4861-4868. It sought to condemn property in Williston owned by HS&G and used to supply sand for its sand blending and supply business in Hinesburg. CSWD filed its superior court petition pursuant to 24 V.S.A. chapter 61, subchapter 13 in August 1992, detailing facts supporting necessity for a landfill site and reviewing numerous factors underlying its decision to seek condemnation of HS&G's property. The petition recited that:

> On June 30, 1992, CSWD held a public hearing pursuant to 24 V.S.A. § 2299c(b), for the purpose of receiving suggestions and recommendations from the public regarding the acquisition of the Subject Property and the Related Interests by eminent domain. CSWD's Board of Commissioners considered these suggestions and recommendations at a special meeting held

pursuant to 24 V.S.A. § 2299c(a). At this meeting, CSWD's Board of Commissioners adopted a resolution setting forth the necessity for the taking and the compensation to be paid.

HS&G filed an objection to the petition, and after extensive discovery, CSWD moved for partial summary judgment, arguing that it had complied with all of the eminent domain prerequisites. The court did not rule on the motion but instead conducted a nine-day evidentiary hearing to determine whether the CSWD Board had considered the statutory factors, particularly the "least inconvenience and expense" to the landowner, within the meaning of 24 V.S.A. § 2299b(1), which sets forth the elements of necessity. The court did not address the merits of CSWD's necessity case.

At the completion of these hearings, the court concluded that CSWD's resolution "did not address the valuation criterion of § 2299b(2) of business losses to the landowner," did not determine whether and to what extent HS&G's business yield would be proximately lessened by the condemnation, and "failed to set forth the compensation to be paid in the resolution adopted on June 30, 1992, as required in § 2299c(a) when read together with §§ 2299b(2) and 2299f." The court dismissed CSWD's petition, and the present appeal followed.

■ ■ The central issue on appeal is whether the court was authorized to consider substantive compliance by the CSWD Board with precondemnation requirements under the Landfill Condemnation Statute, 24 V.S.A. §§ 2299c-2299d. Except for determining that a condemnor has in fact met the procedural requirements for filing a condemnation petition (such as whether the meeting was conducted in accordance with the public notice and other requirements of § 2299c(b)), the court lacked authority to dismiss the petition based on whether the petitioner had adequately considered the statutory factors in seeking condemnation or in setting forth the compensation to be paid, within the meaning of § 2299c(a). Hence, the scope of the court's proceeding was beyond its statutory authority, and its resultant order was invalid.

■ ■ A Vermont solid waste district begins the condemnation process by holding a public hearing to consider both necessity and compensation. 24 V.S.A. § 2299c(b). Section 2299c(b) is clear on its face that the purpose of the hearing is limited and does not reach the merits of necessity or damages, which the superior court determines at a full evidentiary hearing. 24 V.S.A. §§ 2299d-k. The § 2299c(b)

hearing is conducted by the solid waste district's board of commissioners, which has no judicial or quasi-judicial functions but acts in an executive capacity, to "hear and consider all objections, suggestions for changes and recommendations made by any person interested." *Id.* § 2299c(b).

In *State Highway Board v. Coburn*, 125 Vt. 513, 219 A.2d 582 (1966), the condemnee argued that the Vermont State Highway Board (now the State Transportation Board) had failed to properly consider necessity at the highway board's public hearing pursuant to 19 V.S.A. § 222(c) (now § 502(c)). *Id.* at 518-19, 219 A.2d at 586-87. In response to an argument that the highway board's public hearing and findings were subject to judicial review, we stated:

> When the appellants complain of the alleged inadequacy of the investigation and the failure of the highway board to make findings, they mistake the nature of the proceedings called for by section 222 [now 19 V.S.A. § 502]. They are exploratory and informative, but not judicial. The highway board is not conducting a trial or hearing as a court or judicial body.

*Id.* at 519, 219 A.2d at 587.

■ In like manner, CSWD's determination to seek to obtain property by eminent domain under § 2299c is not judicial or quasi-judicial, and is not subject to judicial review. Cf. *State Highway Bd. v. Hazen*, 126 Vt. 46, 48-49, 221 A.2d 579, 580-81 (1966) (pre-petition public hearing is informational for highway board, and is not a judicial trial; thus, defect in notice not fatal where no prejudice demonstrated).

Significantly and somewhat curiously, the court itself relied on *Hazen* in stating in its December 8, 1993 order that the district's hearing under § 2299c(b) was "informational rather than adjudicatory." The court nevertheless concluded that it could review the district's actions and procedures leading up to its condemnation resolution for arbitrariness or capriciousness, and whether the district complied with the statutory procedures, or otherwise acted improperly, just as it reviews any other municipal action.

■ An acknowledgment of the holding in *Hazen* would preclude a determination that the court had the power to review the district's actions under § 2299c(b) as it reviews any other municipal action. Review of municipal action, as with action under 24 V.S.A. § 2299c, varies with the terms of particular authorizing statutes. See, e.g., 24

V.S.A. § 4471 (appeal from board of adjustment to superior court); 24 V.S.A. § 5006 (appeal from housing board to superior court); 32 V.S.A. chapter 131 (appeals from municipal tax assessments). V.R.C.P. 75 provides for review of "[a]ny action or failure or refusal to act by an agency of the state or a political subdivision thereof, including any department, board, commission, or officer, that is not [a contested case] . . . *if such review is otherwise available by law.*" (Emphasis added.) There is no reference by the court or the parties to any law authorizing judicial review of the prelitigation stages of a solid waste management district condemnation action, and § 2299d makes clear that court proceedings should commence "[a]fter completion of the survey."

■ Under the Landfill Condemnation Statute, there are two distinct judicial condemnation stages – first, the judicial determination of necessity (at both the trial and appellate levels); and second, the judicial determination of damages (also at both the trial and appellate levels). See 24 V.S.A. § 2299e (necessity trial held by superior court); § 2299f (damages trial held by superior court). Each stage is a single, unified proceeding.

■ The statute clearly mandates that necessity be tried and appealed first, while damages are tried and appealed thereafter, consistently with the judicial condemnation process in place in many other states. As we explained in *State Highway Board v. Loomis*, 122 Vt. 125, 130, 165 A.2d 572, 576 (1960), the highway condemnation statute (19 V.S.A. §§ 504-513):

> separates the question of determining the necessity for taking particular land from the question of compensation for the land taken, by providing for separate hearings. The necessity for the proposed taking is at issue first and is determined prior to actual condemnation and award of damages.

■ HS&G argues that *Hazen* and *Fiske v. State Highway Board*, 125 Vt. 17, 209 A.2d 482 (1965), create a narrow window of judicial review for consideration of the regularity of the district's consideration and determination of necessity and the compensation to be paid. While use of the word "regularity" might suggest some procedural failure or miscue, HS&G's extraordinary facts justifying suspension of what it concedes is a process that does not include such judicial review amount to strong substantive differences with CSWD over necessity and compensation. Apart from the difficulty, if not impossi-

bility, of discerning when jurisdiction to review a district's § 2299c(b) determination might exist, based on whether the district was wrong or extraordinarily wrong, HS&G's reliance on *Hazen* and *Fiske* is simply mistaken. Neither case supports the court's ruling, and *Hazen* strongly undermines it. As this Court stated in language applicable in toto to the present matter:

> The intent of the statute is to provide the opportunity to municipalities and interested persons, after notice, to air their views and express their suggestions at a public hearing concerning a proposed highway project. This is an exploratory and informative action and aids the board to determine the feeling and sentiment of the public and landowners. Also, this section is designed to afford the public and landowners the privilege to participate in the administrative decision of the board. *The public hearing is not held to determine the right of the board to condemn property or decide the question of necessity for the highway but rather its location.*

126 Vt. at 49, 221 A.2d at 581. (Emphasis supplied.) In neither *Hazen* nor *Fiske* did this Court authorize the superior court to conduct a substantive review of a condemnor's decision-making process prior to commencement of a necessity proceeding. Nor did we order a remand to the condemnor in either case, or in any other case cited by HS&G.

To the extent that HS&G contends CSWD acted in bad faith, the superior court proceeding under § 2299d is an ample forum for these issues.* Cf. *Loomis*, 122 Vt. at 132, 165 A.2d at 577 (court may review necessity of taking during condemnation hearing for new highway). If the court finds a bad faith undertaking by a condemnor, the result will be either failure of the necessity case or compensation in a just and fair amount, as the case may be.

HS&G contends that what the superior court did was "simply . . . isolate particular issues and advance those aspects of the proceedings to the beginning of the scheduled merits hearings." This contention does not square with HS&G's own trial memoranda or the court's orders directing the parties to file their positions on the hearings sequencing to address arguments regarding whether the district

---

* There is no indication that the court based its decision in whole or in part on a finding of bad faith by CSWD. HS&G's contention that the court effectively found that CSWD acted arbitrarily, and perhaps even in bad faith, underscores that what is at stake in this case is not a narrow window but rather a broad review of the condemnor's substantive compliance with § 2299c(b) as a precondition to the filing of a petition to take by eminent domain.

failed to comply with the statute in developing and adopting its condemnation resolution, prior to beginning the evidentiary hearing on the question of necessity. The court made abundantly clear at all stages of its proceedings that it was reviewing the validity of CSWD's initiation of eminent domain proceedings based on its alleged failures to comply with § 2299c(b). The court's ruling reflected the position in HS&G's principal trial memorandum of law that "[t]he [d]istrict failed to take into account and consider all 'critical information' relating to the statutory elements and definitions of 'necessity' and 'damages,' and wholly failed to make a 'rational determination' of the issues and 'set forth' the same in its Resolution and Findings of Fact." It is ingenuous to contend on appeal that what the court did was to conduct a merits hearing in which issues of good faith were advanced. The record is clear and overwhelming that the court was reviewing CSWD's compliance with § 2299c(b) – a stage in the process that preceded consideration of the merits of necessity or damages.

The court's reliance on cases from states where the initial determination by the condemning authority has some juridical significance is misplaced. See, e.g., *Ship Creek Hydraulic Syndicate v. State*, 685 P.2d 715, 716, 718-20 (Alaska 1984) (court may divest condemnor of title to condemned property if it finds condemnor's statement justifying taking untrue); *San Bernardino County Flood Control Dist. v. Grabowski*, 252 Cal. Rptr. 676, 682 (Ct. App. 1988). The *Grabowski* court explained the initial hearing process under California law ensures that in arriving at its decision to take, the agency engage in a good faith and judicious consideration of the pros and cons of the issue and that the decision to take be buttressed by substantial evidence. *Id.* The court also noted that the statutory requirement that a public entity adopt a resolution of necessity before initiating a condemnation action ensures that public entities "verify and confirm the validity of their intended use of the power of eminent domain prior to the application of that power in any one particular instance." *Id.*

In contrast, under the subject statute, the necessity trial in Vermont is conducted de novo, and not in review of whether the condemnor had presented substantial evidence in support of its decision to act and without evidentiary presumptions in favor of the condemnor, which acts not as a quasi-judicial body, but rather as a litigant in the process. *Coburn*, 125 Vt. at 519, 219 A.2d at 587; *Takabuki v. Housing Fin. & Dev. Corp.*, 822 P.2d 955, 956 (Haw. 1991) (condemnation resolution not appealable because owners had right to

de novo trial on question of public purpose in eminent domain proceeding).

In sum, the Landfill Condemnation Statute comprehensively covers each and every issue that HS&G could properly raise, including every aspect of compensation, such as the proper valuation of the property to be condemned. On the other hand, the court could point to no authority to consider the district's action under § 2299c(b), such as failure to comply with the public notice requirements of the statute. Consequently, we agree with CSWD that the court essentially conducted an appellate review of CSWD's decision-making process – clearly not countenanced by the governing statute.

The decision of the superior court is reversed and the matter remanded for trial on the merits of necessity.

*Reversed and remanded.*