2016 VT 132

## In re Petition of VERMONT GAS SYSTEMS, INC.

[161 A.3d 522]

No. 16-396

¶ 1. December 8, 2016. In this case, the Public Service Board authorized Vermont Gas Systems (VGS) to condemn a pipeline easement through Geprags Park and to install the pipe underground utilizing horizontal directional drilling. Appellants-intervenors, who are park users, filed a notice of appeal, which triggered an automatic stay of the Board's decision under 30 V.S.A. § 124. VGS asks this Court to vacate the automatic statutory stay. See *id.* (providing that Supreme Court may vacate statutory stay "as justice and equity require"). The Department of Public Service supports VGS's request. As set forth below, we grant VGS's request and vacate the statutory stay.

¶ 2. In reaching our conclusion, we consider the traditional factors concerning the issuance of a stay. Thus, we consider: (1) the likelihood that the moving party will prevail on the merits; (2) the threat of irreparable injury to the moving party; (3) the threat of irreparable injury to the nonmoving party; and (4) the public interest to be served by a stay. *Auclair v. Vt. Elec. Power Co.*, 132 Vt. 519, 520-21, 323 A.2d 578, 579 (1974) (per curiam). We are mindful that "[w]hen considering the likelihood of success on the merits, the Court must be careful not to allow the argument on the interlocutory issue to be expanded into a full-blown debate on all issues likely to be raised on appeal." *In re New Eng-*

*land Tel. & Tel. Co.*, 145 Vt. 309, 312, 488 A.2d 746, 748 (1984).

¶ 3. As to the first factor, appellants maintain that they are likely to prevail on appeal because the Board created an exception to the prior public use doctrine that is at odds with existing Vermont case law. The Board recognized this case law in its decision and found it distinguishable. The Board concluded that the evidence showed that the limited condemnation involved here would not destroy or materially impair the existing public recreational use of Geprags Park. Instead, it found that the pipeline segment, which would be located thirty to fifty feet below the surface of the park, would be compatible with the existing above-ground recreational uses. The Board explained that other jurisdictions had similarly accepted the principle that where land is already devoted to a prior public use, a subsequent additional condemnation is not foreclosed when the second taking will also serve a public use and will neither destroy nor materially impair the existing public use. The Board determined that the public good would best be served by authorizing a condemnation that would result in the joint use of the Geprags Park for both the existing public recreational purpose and the second, additional public use proposed by VGS.

¶ 4. As is common, the stay vacation request comes before there has been briefing and argument so we must judge the likelihood of success on the merits primarily on the basis of the thoroughness and completeness of the Board's decision, and its support in existing law, in light of the claims of appellants. Given the Board's careful and reasoned consideration of this case, we cannot conclude at this juncture that appellants have demonstrated a sufficiently strong likelihood of success on the merits such that the first factor weighs heavily in their favor. We emphasize, however, that this conclusion does not have any impact on our later

consideration of the merits of the underlying appeal.

¶ 5. Turning to the remaining factors, we conclude that they weigh in favor of vacating the stay. VGS has demonstrated a threat of irreparable injury from the continuation of a stay for the reasons identified in its motion, while appellants have not. We note that VGS has obtained a $1,000,000 bond to indemnify the Town of Hinesburg if its installation of the pipeline harms the park. We are also persuaded by VGS's assertion that, should appellants prevail on appeal, it could return the park to its pre-drill condition. Finally, we agree with VGS and the Department of Public Service that the public interest is served by vacating the statutory stay as this will allow VGS to complete construction of the pipeline, which the Board found will provide significant economic benefits to the state. We have considered all of appellants' arguments in opposition to VGS's request and find them unpersuasive. The motion to vacate the statutory stay is granted.

*The statutory stay is vacated.*