## Joseph A. Sabourin v. Town of Essex

[505 A.2d 669]

No. 84-346

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed December 13, 1985

*Joseph D. Fallon,* Hinesburg, for Plaintiff-Appellee.

*Spokes, Foley & Stitzel*, Burlington, for Defendant-Appellant.

**Per Curiam.** On January 17, 1984, the Zoning Board of Adjustment of the Town of Essex granted appellee a variance to allow him to use his property for residential purposes in an area where such use was not permitted by the zoning scheme in effect. The Town appealed the Zoning Board's decision to the superior court. Appellee moved to dismiss, contending that the Town did not have standing to appeal. The superior court granted the motion, ruling that a municipality was not an "interested person" for purposes of appealing a decision of its zoning board of adjustment to grant a variance. From this ruling, the Town appeals. We affirm.

■ Under the Vermont statutes, "[a]n interested person may appeal a decision of a board of adjustment to the superior court . . . ." 24 V.S.A. § 4471. The term "interested person" is specifically defined, and it includes "[t]he municipality in which the plan or a by-law of which is at issue in an appeal brought under this chapter . . . ." 24 V.S.A. § 4464(b)(2).

The Town argues that these provisions give it an unqualified right to contest the determinations of its zoning board. It further contends that this right is necessary to enable municipalities to preserve the integrity of their zoning regulations. We disagree.

■ Municipalities in Vermont have a limited right to appeal the decisions of their zoning boards; the town plan or a municipal bylaw must be at issue in the case. Here the appellee's request for a variance was the issue. The Board, empowered to hear and decide requests for variances (24 V.S.A. § 4464(c)), followed the mandate of the legislature and expressly considered each of the five requisite criteria set forth in the statute. See 24 V.S.A. § 4468. At no point during the proceedings was either the town plan or a municipal bylaw at issue.

Although we recognize that some states have granted municipalities "interested person" or "aggrieved person" status under their statutes, we are persuaded that our statutes require us to take the contrary position. In short, we hold that so long as the board acts within the ambit of its variance authority, whether it has acted wisely or not is not a matter which the governing body

can raise on appeal. See *Township of Dover* v. *Board of Adjustment*, 158 N.J. Super. 401, 409, 386 A.2d 421, 425 (1978).

*Affirmed.*