# Shirley M. Rossetti, et al.; City of Burlington v. Chittenden County Transportation Authority

## In re Lands of Kay Rossetti, et al.

[674 A.2d 1284]

Nos. 94-501 & 95-266

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed March 22, 1996

(94-501)

*Joseph F. Obuchowski* and *Michael J. Olsen* of *Carroll, Obuchowski & Scribner*, Burlington, and *J. Paul Giuliani* of *McKee, Giuliani & Cleveland*, Montpelier, for Appellant Chittenden County Transportation Authority.

*Kenneth A. Schatz*, Assistant City Attorney, Burlington, for Appellee City of Burlington.

*Dennis R. Pearson* and *William G. Post, Jr.*, of *Gravel & Shea*, Burlington, for Appellees Rossetti.

(95-266)

*Kenneth A. Schatz*, Assistant City Attorney, Burlington, for Appellant City of Burlington.

*Dennis R. Pearson* of *Gravel & Shea*, Burlington, of Counsel for City of Burlington and Counsel for Estate of Rossetti, et al.

*Joseph F. Obuchowski* of *Roesler, Whittlesey, Meekins & Amidon,* Burlington, and *J. Paul Giuliani* of *McKee, Giuliani & Cleveland,* Montpelier, for Appellee Chittenden County Transportation Authority.

**Dooley, J.** This is a consolidated appeal involving two proceedings between the parties: (1) a petition by the Chittenden County Transportation Authority (CCTA) to condemn a vacant parcel of land in order to expand its existing bus storage, maintenance and office facilities; and (2) an appeal by the City of Burlington of a zoning permit granted by the city zoning board to CCTA to build a bus and office facility on the property to be condemned. As to the second proceeding, CCTA appeals the superior court's denial of its motion to dismiss the City's zoning appeal on the ground that the City lacked standing to appeal. As to the first, the City appeals on various grounds the decision of the superior court granting CCTA's petition of necessity to condemn the parcel of land. We reverse the denial of CCTA's motion to dismiss the zoning appeal and affirm the necessity decision.

On April 21, 1994, the Burlington zoning board of adjustment granted CCTA's request for a conditional use permit to construct a 21,840 sq. ft. building, for bus storage, maintenance and office facilities, on a lot owned by members of the Rossetti family and lying adjacent to CCTA's existing facility. The City appealed that decision. CCTA moved to dismiss the appeal on the ground that the City did not have standing to appeal. On August 3, 1994, the superior court denied CCTA's motion to dismiss, concluding that the City had standing as an interested person pursuant to 24 V.S.A. § 4464(b)(2). The court then denied CCTA's motion for reconsideration and granted permission to take an interlocutory appeal.

In January of 1994, CCTA also began condemnation proceedings to acquire title to the lot. A dispute arose as to the proper procedure for the condemnation proceeding. Initially, CCTA proceeded pursuant to 24 V.S.A. § 2805, using the procedure available to a municipality. The use of that procedure was challenged by the City and the landowners, and the superior court agreed with them, dismissing the condemnation action.[1] Subsequently, CCTA began its condemnation proceeding anew pursuant to the highway condemnation law, 19 V.S.A. ch. 5, and

---

[1] This dismissal was appealed, but the parties have filed a joint motion to dismiss this appeal on the terms contained in an accompanying stipulation. We grant the motion and dismiss CCTA's appeal involving the initial condemnation proceeding.

64

filed a petition to determine the necessity of condemning the property. On April 25, 1995, the superior court granted CCTA's necessity petition, finding that CCTA had proven a reasonable need to condemn the property.

We first address the zoning appeal. CCTA argues that the City does not have standing to appeal the decision of its own zoning board in this case. The applicable statute at the time provided that "[a]n interested person may appeal a decision of a board of adjustment to the superior court . . . ." 24 V.S.A. § 4471 (1992)(amended by 1993, No. 232 (Adj. Sess.), § 48, eff. Mar. 15, 1995). The term "interested person" is defined to include "[t]he municipality in which the plan or a bylaw of which is at issue in an appeal . . . ." Id. § 4464(b)(2).

Although the City is the municipality in which the land lies, CCTA argues that the City does not have standing because neither its plan nor its zoning bylaw "is at issue" in the appeal. To fully understand this argument, and the City's response, we must first look at the issues in the appeal.

The Burlington zoning ordinance designates CCTA's proposed use as a conditional use requiring both general conditional use review and major impact development review. One of the major impact development review standards is that the use must not place an unreasonable burden on the ability of the City to provide municipal services. Before the zoning board, the City Community and Economic Development Office argued that this standard was not met because CCTA is tax-exempt and the development would take off the property tax rolls one of the few remaining undeveloped industrial development sites in the City. The zoning board recognized that removing the site from the tax rolls would place some burden on City resources, but concluded that the burden was not "unreasonable." It is this determination that the City seeks to appeal to superior court.[2] Because the standard involved is contained in the City zoning bylaw, and not in state statute, the City argues that the bylaw is "at issue" in the zoning appeal.

CCTA relies primarily on our decision in *Sabourin v. Town of Essex*, 146 Vt. 419, 505 A.2d 669 (1985) (per curiam), where we held that the Town did not have standing to appeal the decision of its zoning board to grant a variance because neither the town plan nor a

---

[2]The City also desires to challenge the ability of CCTA to apply for a zoning permit because CCTA was not an "interested person," as defined in 24 V.S.A. § 4464(b)(1). There is no record that the City made this argument to the zoning board. In any event, we do not see how the plan or a bylaw "is at issue" for this challenge and find that this appeal ground does not confer the right to appeal on the City.

municipal bylaw was at issue. *Id.* at 420, 505 A.2d at 670. The City, and the trial court, distinguish *Sabourin* because that decision involved the application of variance criteria set out in the state statute, whereas this decision involves conditional use criteria set forth in a municipal bylaw. Although *Sabourin* contains some language that may support this distinction, we conclude that *Sabourin* controls even though the zoning board was applying provisions of a local bylaw.

■ In construing a statute, our primary objective is to give effect to the intent of the Legislature. *Massachusetts Mun. Wholesale Elec. Co. v. State*, 161 Vt. 346, 355, 639 A.2d 995, 1001 (1994). We must observe legislative restrictions on relief available in zoning cases and may not judicially expand the class of persons entitled to review. *Garzo v. Stowe Bd. of Adjustment*, 144 Vt. 298, 302, 476 A.2d 125, 128 (1984).

We have frequently found assistance in construing our zoning statutes in the interpretations of similar or identical statutes in other states. In this case, however, the Vermont Legislature has taken a different approach from that of other states. The Standard State Zoning Enabling Act specifically allows the municipality, and its agencies or officers, to appeal, see 5 R. Anderson, American Law of Zoning § 32.01, at 8 (3d ed. 1986), and many states have adopted this exact or similar language. See, e.g., N.Y. Town Law § 282 (McKinney 1987); Mass. Gen. Laws Ann. ch. 40A, § 17 (West 1994). Other states generally allow aggrieved or affected persons to appeal, and the courts have held that municipalities fit within this general authorization. See, e.g., *City of Burley v. McCaslin Lumber Co.*, 693 P.2d 1108, 1110-11 (Idaho Ct. App. 1994); *City of Reno v. Harris*, 895 P.2d 663, 666 (Nev. 1995).

A decision from one state which limits appeals by municipalities is cited with approval in *Sabourin*. See *Township of Dover v. Board of Adjustment of Township of Dover*, 386 A.2d 421 (N.J. Super. Ct. 1978). The court allowed appeal of a variance by a municipality as an interested party in *Township of Dover*, but announced a rationale consistent with the result in *Sabourin*:

> [O]rdinarily the manner in which the board exercises its exclusive statutory power is not subject to monitoring by the governing body and is therefore immune not only to direct interference by the governing body but also to the indirect interference . . . by the governing body seeking judicial review of the board's determinations. . . . In our judgment,

> review at the instance of the governing body of such alleged errors in the exercise of statutory authority and such disputes as to the exercise of discretion would seriously and perhaps irremediably undermine the board's essential autonomy. We are therefore satisfied that so long as the board acts within the ambit of its authority, whether it has acted wisely or not, and whether it has acted correctly or not, are not matters which the governing body itself should be able to raise.

*Id.* at 425. Thus, we stated in *Sabourin* that "so long as the board acts within the ambit of its variance authority, whether it has acted wisely or not is not a matter which the governing body can raise on appeal." 146 Vt. at 420-21, 505 A.2d at 670.

We cannot read *Sabourin* as relying on the distinction the City claims. The decision turns on the nature of the challenge to the zoning board decision, rather than the source of the law involved. Thus, we see no reason to distinguish between a zoning board decision that applies the statutory variance criteria to the facts before it and a board decision that applies ordinance conditional use criteria to the relevant facts. In either case, when the municipality appeals, it is challenging the wisdom of the decision, exactly what we said in *Sabourin* was foreclosed.

In this case, the sole challenge is to the Board's decision that CCTA's tax-exempt development did not place an "unreasonable" burden on the ability of the City to provide municipal services. This was a judgment call on which reasonable minds might differ. There is no claim, however, that the Board exceeded its authority or misconstrued the bylaw provision. Without such a claim, we do not believe the bylaw was "at issue" as that term is used in 24 V.S.A. § 4464(b)(2).

The second issue on appeal is whether the superior court erred in granting CCTA's necessity petition. As discussed above, the matter was tried in the superior court pursuant to the condemnation procedure for highways set out in chapter 5 of Title 19. Before we reach the City's claims, it is helpful to lay out the law governing our review.

The definition of necessity is laid out in 19 V.S.A. § 501(1) and has changed little over the years. In our leading case of *Latchis v. State Highway Board*, 120 Vt. 120, 123, 134 A.2d 191, 194 (1957), we characterized it as follows: "The necessity specified by the statute for

the condemnation of land for highways does not mean an imperative or indispensable or absolute necessity but only that the taking provided for be reasonably necessary for the accomplishment of the end in view under the particular circumstances." The City emphasizes that we have held that the judicial necessity proceeding is "conducted de novo, and not in review of whether the condemnor had presented substantial evidence in support of its decision to act and without evidentiary presumptions in favor of the condemnor." *In re Chittenden Solid Waste Dist.*, 163 Vt. 185, 191, 657 A.2d 197, 201 (1995) (interpreting Landfill Condemnation Statute, 24 V.S.A. §§ 2299c & 2299d). We add the caveat, however, that we have held, with respect to a determination of highway location and route, that "we will not interfere with that determination as long as it is made in good faith and is not capricious." *Agency of Transp. v. Wall Management*, 144 Vt. 640, 643, 481 A.2d 1270, 1272 (1984). Moreover, we must accept the findings of the superior court if supported "by any competent evidence" and its decision unless there is an abuse of its discretion. *Id.* With these standards in mind, we address the City's arguments.

█ The City first argues that the court failed to proceed de novo and improperly shifted the burden of proof to it. Much of this argument is based on the fact that CCTA put into evidence records of proceedings before the board and relied upon them in support of some of its proposed findings of fact. The records were admitted without objection, and thus were available for the court's use. We disagree with the City's position that the proceeding was not de novo because of the use of the records.

In any event, there was sufficient testimony, apart from the records, to support CCTA's case. This is true for the issue of alternative sites, the issue specifically disputed on appeal. The general manager testified that the availability of alternative sites was limited by the need to keep the current facility and the unreasonable cost consequences of trying to run the transportation services from two sites that are far apart. The court accepted this position and found:

> There are no other available sites which would be economically feasible for CCTA to acquire and build upon. CCTA currently has an ideal location. Any other location would cause added down time for CCTA buses in traveling from their storage area to downtown and back again and more

> driving time to reach the outlying areas of Chittenden County. If CCTA had its operations located at two sites, it would lose the economies of scale and would incur additional, unnecessary costs. Both operational and capital expenses would substantially increase if CCTA were required to move all of its operations to a new site or locate its operations at two sites. The added costs would be borne by CCTA's member communities and the bus riders.

This is the kind of decision-making to which this Court will defer if the determination is made in good faith and is not capricious. Here, the trial court reviewed the determination de novo and made findings that are supported by the evidence and must be upheld.

 Nor can we conclude that the court improperly shifted the burden of proof on this issue. CCTA had the burden of proof. 19 V.S.A. § 507(a). It discharged it by testimony that there were no acceptable alternative sites, and the court accepted this evidence. There was no shifting of the burden of proof.

 Next, the City argues that the court improperly admitted and relied upon exhibit No. 23, "Urban Mass Transportation Project Management Guidelines For Grantees." We are precluded from addressing this issue because the City failed to object to the evidence on the grounds now raised on appeal. See *In re R.L.*, 148 Vt. 223, 227, 531 A.2d 909, 911-12 (1987) ("An objection on one ground to the trial court does not preserve a claim of error on appeal on other grounds."). At trial, the City did object to the admission of exhibit 23, but on the ground that the document was not directed to the sale of the property in question and contained only federal rules and regulations. On appeal, the City claims that the evidence was inadmissible because it is hearsay, it is not authenticated, and it is uncertified. The City did not mention any of these grounds for objection at trial, and thus the trial court did not have an opportunity to rule on the issues now raised on appeal.

 The City further argues that the court failed to show how the decision was reached. We will remand if we are left in a position where we must speculate as to the basis of the decision reached. See *Roy's Orthopedic, Inc. v. Lavigne*, 142 Vt. 347, 350-51, 454 A.2d 1242, 1244 (1982). We are not, however, left in such a position in this case. The City's argument is based on its claim that the court failed to address the adequacy of CCTA's current site. In fact, the court addressed this

point specifically, finding that "[i]ts facilities are inadequate for its present needs and grossly inadequate for any future expansion." We reject the City's argument that the court must specifically address each item of evidence and state why it accepted or rejected it in fashioning its findings of fact.

Finally, the City argues that several of the court's findings are clearly erroneous. We have examined each of the challenged findings and conclude they are adequately supported by the evidence. Much of the dispute over findings arises because the City is reading into them more than is there. When properly read, none of the findings are clearly erroneous.

The superior court did not err in granting CCTA's necessity petition.

*The zoning appeal brought by the City of Burlington is dismissed. The decision finding necessity for the Chittenden County Transportation Authority to condemn the Rossetti land is affirmed.*