STATE OF VERMONT

ENVIRONMENTAL COURT

|                        |   |                          |
|------------------------|---|--------------------------|
| In re: Appeal of       | } |                          |
|   Town of Essex | } | Docket No. 157-7-00 Vtec |

Decision and Order on Motion for Summary Judgment

Appellant Town appealed from a decision of its Planning Commission approving a four-lot residential subdivision. Appellant Town is represented by Robert J. Perry, Esq.; Appellee-Applicant Steven Kolvoord is represented by Gregg H. Wilson, Esq. Appellee-Applicant moved for summary judgment.

The following facts are not in dispute[1], unless otherwise noted. The proposed four-lot subdivision is served by a single right-of-way with a single curb cut onto Vermont Route 117 (River Road). The Town argues that a single driveway or right-of-way may only serve two lots; that any more lots require a street built to public street specifications. Thus, the Town argues that the subdivision should not have been approved without either two separate driveways with two curb cuts onto Route 117, or improvements to the proposed driveway and curb cut to meet public street specifications.

The Town only has standing to appeal the decision of its Planning Commission if the

---

[1] We note that neither the Planning Commission's decision nor the Town of Essex Subdivision Regulations nor §23.5 of the Zoning Regulations were in fact attached to Appellee-Applicant's Motion, although they were referred to in that document as having been attached. An excerpt from §23.5 was attached to the Town's response. Neither party provided a complete copy of the Zoning Regulations or Subdivision Regulations.

1

Town plan or a Town bylaw is "at issue" in the appeal. Neither party suggests that the Town Plan is at issue in the appeal. A bylaw is "at issue" only if the Town claims that the municipal body (in this case the Planning Commission) has exceeded its authority or has misconstrued a bylaw provision. Sabourin v. Town of Essex, 146 Vt. 419 (1985); Rossetti v. Chittenden Co. Transportation Auth., 165 Vt. 61 (1996).

In the present case, the Town has standing to bring this appeal, as it claims that the Planning Commission has misconstrued whether the Public Works Specifications are mandatory for a four-lot subdivision, and whether the right-of-way to serve this subdivision must meet the standards found in §23.5.3 of the Zoning Regulations.

Section 10.1.10 of the Subdivision Regulations requires the proposed subdivision to provide "adequate access to all of the lots" by streets that will be "safe, convenient for travel, and reduce congestion." Section 10.2.1, which the parties agree is applicable to the present proposal as a minor subdivision, provides that:

> The subdivider shall be guided by the minimum planning, design and construction standards contained in these regulations and the Public Works Specifications, and shall provide all of the improvements specified in this article.

This section is divided into two distinct and different provisions, one of which is mandatory and the other of which is not. The subdivider is required to provide all the improvements found in "this article," which does not adopt the Public Works Specifications by reference. Rather, the subdivider is not required to follow the Public Works specifications, but only to be "guided" by them.

The Town argues that §23.5.3(E) of the Zoning Regulations also requires that no more than two lots be served by a right-of-way. However, §23.5.3 only applies to pre-existing landlocked parcels served by rights-of-way of less than 25 feet in width. Section 23.5.2 applies to permanent rights-of-way used as access for lots, and does not limit the number of lots which may be so served. The only limitations are that the right-of-way be at least 25 feet in width, that it be established in a permanent easement, and that the Planning Commission approve it, which has occurred here.

While the Town did have standing to contest the Planning Commission's interpretation of the Subdivision Regulations and Zoning Regulations, it does not have

standing under the <u>Sabourin</u> and <u>Rossetti</u> decisions to challenge whether the Planning Commission acted wisely in granting this particular approval.  The Planning Commission acted within the ambit of its authority.  Its decision to approve this particular right-of-way under the bylaws, or to grant Appellee-Applicant a waiver under §11.6.2 or even under §11.6.1, is just as much a "judgment call on which reasonable minds might differ" as was the variance decision in <u>Sabourin</u> or the conditional use approval in <u>Rossetti</u>.

Accordingly, based on the foregoing, Summary Judgment is GRANTED in favor of Appellee-Applicant, concluding this matter in this Court.

Done at Barre, Vermont, this 13th day of December, 2000.

_____
                    Merideth Wright
                    Environmental Judge