**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

In re: Appeal[1] of Lynn Lowery, <u>et</u> <u>al.</u>

}
}
}   Docket No. 62-4-98 Vtec
}
}

<u>Order Regarding Final Stipulation</u>

Appellants (a group of neighbors of Appellees= property) appealed from a decision of the Planning Commission of the Town of Hartford, approving amendments to the site plan for the property of Appellees Max Jewell and Judith Belyea. A related case, Docket No. 30-2-96 Vtec, involved zoning issues pertaining to the same property, and has been concluded. In the present case, the Court issued a decision after an evidentiary hearing and site visit on Questions 1, 2, and 8 of the Statement of Questions. Appellants are now represented by Emily S. Davis, Esq. and Todd C. Steadman, Esq.; Appellees Max Jewell and Judith Belyea are represented by Barry C. Schuster, Esq.; the Town of Hartford is now represented by Kimberlee J. Sturtevant, Esq.

Appellants and Appellees had proposed a settlement of the other questions in the statement of questions, regarding noise and the idling of trucks. The Town, however, had declined to sign the settlement, due to concerns that the agreed limitations on the idling of trucks would be unenforceable. After further discussions, Appellants and Appellees have filed their > Final Stipulation= and the Town has filed its response to that stipulation.

To determine whether to accept the settlement of the Appellants and the Appellees over the objections of the Town, it is necessary for the Court to consider the Town= s role in each particular case, under the principles established in <u>Rossetti v. Chittenden County Transportation Auth.</u>, 165 Vt. 61, 65-66 (1996) and <u>Sabourin v. Town of Essex</u>, 146 Vt. 419, 420 (1985) (per curiam). Although municipalities frequently participate in zoning and planning appeals without comment or challenge from the primary parties, and their participation is appreciated by the Court and by the other parties, the standing of municipalities under 24 V.S.A. ' 4464 is defined by whether the town plan or a municipal bylaw is > at issue.= In determining whether a particular variance, conditional use permit, or site plan should be approved, if the municipal board appealed from has acted within the ambit of its authority, whether it has acted wisely or correctly or not is not a matter which the governing body of the municipality itself can raise on appeal.

In the present case, the matters which the Appellants and Appellees have settled are within the ambit of the site plan regulations and do not raise questions about the interpretation of the town plan or a municipal bylaw. The Town= s concerns about the enforceability of the agreed limitations are understandable, but on balance and with one exception discussed below, the stipulated conditions represent a reasonable effort to balance the needs of the neighbors= residential uses and the adjacent business, both of which are allowed to continue under the particular zoning applicable to the respective properties. The exception is the limitation on idling A for more than ten minutes.@ The Town is correct that without further definition as to the period to which it applies, this provision will be too vague for Appellees to comply with and for Appellants or the Town to enforce. Accordingly, the Court hereby accepts the > final stipulation,= with certain changes[2]. The Court has selected a four-hour period as a reasonable period within which to impose this limitation; any party wishing to suggest or stipulate to a different period, or to request a hearing on this issue, shall bear in mind the time limits of V.R.C.P. 59.

Accordingly, based on the stipulation of Appellants and Appellees, and the issues discussed above, it is hereby ORDERED and ADJUDGED as follows:

Stopped Tractor Idling Limits

1. Definition: For the purposes of this order and any permit issued based on this order, the term A idling@ is defined as the operation of the engine of a motor vehicle while that motor vehicle is stopped, unless (a) the vehicle is being serviced and the operation of the engine is essential to the proper repair of the vehicle, or (b) the vehicle is engaged in the loading or unloading of materials for which engine-assisted power is necessary. The burden is on Appellees to show, for any instance of excessive idling, that one of the above exceptions was applicable.

2. Limits -

a. No more than five tractors may idle at any time.

b. No tractor shall idle for more than ten minutes **in any four hour period.**

3. Reservation- Nothing in the parties= stipulation or in this order or in any permit issued based on this order authorizes or permits any violations of the Performance Standards or the Noise Ordinance provisions as set out in the Town of Hartford Zoning Regulations and Ordinances

4. Monitoring - The parties= stipulation provides that the Appellants and other abutters and interested persons, and not the Town, intend to be primarily responsible for monitoring compliance with the stipulation, this order, and any permit issued based on this order.

5. Notice of Violations - Notice of violations of this order, of the parties= stipulation, and of any permit issued based on this order, shall be provided by email to Attorney Schuster at barry@ivylegal.com, with copies to Attorney Steadman at steadman@whiteriverlawyers.com and to the Town at Jells@hartford-vt.org , or as later designated. Any changes to the email addresses shall be provided in writing to each of the parties= representatives.

6. Enforcement - In addition to any enforcement of the parties= stipulation under contractual principles, actions regarding this order (and any permit issued based on this order) may be brought by the town and by any interested person in superior court, environmental court or district court under 24 V.S.A. ' 4470(c), as well as the enforcement remedies available to the town under 24 V.S.A. ' ' 4444 and 4445.

This order concludes the above-captioned appeal, subject to receipt of a signed copy of the parties= final stipulation.

Dated at Barre, Vermont, this 8th day of May, 2002.


_____
Merideth Wright
Environmental Judge

---

**Footnotes**

1. Please note the correct caption.

2. The Court has made certain changes in the organization and wording of the proposed order, for purposes of clarity and to address the vagueness discussed in the text of this order. Any objections or stipulated or suggested alterations to those changes shall be filed with the Court within ten days of the entry of this judgment as provided in V.R.C.P. 59(e).