**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of Town of Richmond　　}
　　　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　　　}　　Docket No. 44-3-03 Vtec
　　　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　　　}

Decision and Order on

Appellees= Motion to Dismiss for Lack of Standing and Appellant= s Motion for Clarification

Appellant Town of Richmond (Town) appealed from a decision of the Development Review Board (DRB) of the Town of Richmond granting a variance to Appellee-Applicants Patricia Dee and Victor Rossi. Appellant Town is represented by Mark L. Sperry, Esq.; Appellee-Applicants Victor and Patricia Rossi are represented by David W.M. Conard, Esq.

Appellee-Applicants moved the Court to dismiss the Town= s appeal for lack of standing. By entry order on August 26, 2003 the Court denied that motion; however, Appellee-Applicants requested and the Court granted their motion to reconsider the August 26, 2003 entry order to allow them time to file a reply memorandum as discussed in a previous telephone conference. Appellant Town moved for clarification of the August 2003 Entry Order. Appellee-Applicants own and reside in an old three-bedroom farm house located on the south side of Thompson Road in Richmond Village. The variance at issue in the present appeal would allow them to build an addition on the west side of the house, a portion of which would be within the front setback under the Zoning Regulations.

Appellee-Applicants argue that the Town has no standing to appeal the DRB= s decision in granting the variance, citing Sabourin v. Town of Essex, 146 Vt. 419, 420-21 (1985) and Rossetti v. Chittenden County Transportation Authority, 165 Vt. 61, 66 (1990). In those decisions, the Vermont Supreme Court ruled that a town may not bring an appeal challenging the wisdom of a zoning board= s decision, but that a town may appeal a decision of its zoning board if the town plan or a town bylaw is at issue. See 24 V.S.A. ' 4464(b)(2).

In the present case, neither party suggests that the town plan is at issue. The Zoning Regulations are A at issue@ only if the town claims that the DRB has exceeded its authority or misconstrued a bylaw provision. See Rossetti, 165 Vt. at 66.

All five subsections of ' 8.4.4 of the Richmond Zoning Regulations (which generally tracks the statutory variance requirements in 24 V.S.A. ' 4468(a)) must be met in order for the DRB, and hence this Court, to grant a variance. Subsection 8.4.4(b) requires a finding that, A because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of these Zoning Regulations and that the authorization of a variance is therefore necessary to enable the reasonable use of the property. @ Subsection 8.4.4(e) requires that A the variance, if authorized, shall represent the minimum variance that shall afford relief and shall represent the least deviation possible from these Zoning Regulations and from the Town Plan. @

In Sabourin, the board A expressly considered each of the five requisite criteria set forth in the statute,@ and the Court therefore concluded that the bylaws were not A at issue,@ but only the wisdom of the board= s decision. Sabourin, 146 Vt. at 420. By contrast, in the present case, the DRB only made two factual findings, both of which pertain only to the first of the five variance criteria: that A the parcel of land owned by the applicants had a unique shape that limits any proposed addition@ and that A there are wet lands restricting the development to the rear.@ The DRB did not address whether the existing residential use being made of the property was a reasonable use (' 8.4.4(b)), nor did it address whether an addition could be built onto the side and back of the house that would constitute a lesser deviation from the Zoning Regulations. ' 8.4.4(e).

Due to the very limited factual findings and entirely conclusory recitations of the variance criteria in the DRB decision, the Court cannot here determine whether or not the DRB actually considered all five of the variance criteria; that is, whether it acted within the ambit of its variance authority. In the present case, the Town claims that the DRB exceeded its authority and misconstrued the law by applying the wrong variance standard in the decision on appeal, or, rather, by failing to apply some of the five criteria for a variance. The Town therefore has standing to bring this appeal, as its claim is that the DRB misconstrued the Zoning Regulations. Accordingly, based on the foregoing, Appellee-Applicants= Motion to Dismiss for Lack of Standing is DENIED.

In additionally, the Town seeks clarification of the August 26, 2003 Entry Order as to whether the appeal involves the interpretation of Criterion 2 or Criterion 3 of the variance criteria. The Town= s Statement of Questions raises the issue of whether the property is already being put to a reasonable use, which is the second, not the third, of the five variance criteria. We agree that the August 2003 Entry Order contains a clerical error. The second sentence of the August 2003 Entry Order is corrected to read as follows (corrections in **bold** type):

The Town has standing to address the interpretation of **criterion 2 (' 8.4.4(b))** of the variance criteria; that is, in that sense the Town= s zoning ordinance is > at issue.=

See V.R.C.P. 60(a) (clerical mistakes may be corrected by the court at any time of its own initiative or on the motion of any party).

The remaining hearing on the merits of the variance application is scheduled for 9 a.m. on November 6, 2003 at the Costello Courthouse, 32 Cherry Street, Burlington. Please advise the Court on or before October 17, 2003 whether that hearing will be needed or whether the parties will submit the remaining issues on agreed facts, and whether the parties request a telephone conference in advance of the hearing.

Done at Barre, Vermont, this 7th day of October, 2003.

_____
Merideth Wright
Environmental Judge

**Footnotes**