**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of Adams        }
                                       }
                                       }     Docket No. 145-9-03 Vtec
                                       }
                                       }

Decision and Order on Pending Motions

Appellant John T. Adams appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Fair Haven, denying his appeal from the acting Zoning Administrative Officer's lack of response to his request for the Town to investigate asserted zoning violations at the Brown's property at 47 South Main Street and denying his appeal of the issuance of the Certificate of Occupancy for that property. Appellant represents himself; Appellees Lorraine Brown and Jay Brown are represented by Christopher T. Corsones, Esq.; and the Town is represented by William J. Bloomer, Esq.

The Town has moved for partial summary judgment to dismiss all but Question 6 of Appellant's Statement of Questions. Appellees Brown have joined in that motion and have moved for partial summary judgment in their favor on Questions 7 and 8. Appellant has moved to dismiss the Town as a party (and to strike the Town's motion for partial summary judgment.

Motion to Strike

First, as Appellees joined in the Town's motion for partial summary judgment, even if the Town were dismissed as a party, those issues would be before the Court through Appellees' motion. Therefore, Appellant's Motion to Strike the Town's motion for partial summary judgment is DENIED.

Motion to Dismiss the Town as a Party

In the present case, Appellant alleges violations by the Browns of various sections of the Zoning Bylaws, and that the Zoning Administrator failed to respond to Appellant's requests to investigate the violations and to take enforcement action. One enforcement issue was whether the truck parked outside was a sign or constituted advertising under the Zoning Bylaws; another enforcement issue was whether the storage trailer, stairs and deck were in violation of the bylaws, and therefore whether a certificate of occupancy should not have been granted. The Town is entitled to participate as a party on interpretations of its Zoning Bylaws, such as whether the truck is a 'sign' or whether the trailer and/or deck constitute a building or structure requiring a permit or affecting the potential issuance of a certificate of occupancy. Participation on these issues of interpretation of the bylaws in an appeal brought by another is not the sort of challenge

to the wisdom of the ZBA's decision precluded by <u>Rossetti v Chittenden Co. Transportation Authority</u>, 165 Vt. 61, 66 (1996) and <u>Sabourin v. Town of Essex</u>, 146 Vt. 419, 420 (1985). Appellant's Motion to Dismiss the Town as a Party is DENIED.

<u>Motions for Partial Summary Judgment</u>

The following facts are undisputed unless otherwise noted. Appellee Lorraine Brown received a zoning permit on March 14, 2002, approving of her costume business ('Fabian's Costume Rental') as a home occupation, in 25% of an accessory building to be used for "the greeting of customers, picking out and picking up rental costumes." The permit also approved a three-square foot sign for the home occupation, to be flush mounted to the principal building, and approved the construction of a 7½-foot by 18½-foot open deck on the first floor of the accessory building. The associated diagram and notations submitted as part of the application stated "the rest of the downstairs [of the barn] for my personal sewing room and the upstairs used for storage of personal collection of vintage attire." A notation on the revised application dated February 28, 2002, included in the 25% of the building proposed for the home occupation "to include a sewing machine for repair." This permit was not appealed and became final. It may be enforced according to its terms. See <u>Town of Bennington v. Hanson-Walbridge Funeral Home, Inc.</u>, 139 Vt. 288, 293 (1981); <u>In re Appeal of Tucker</u>, Docket No. 99-399 (Vt. Supreme Ct., Mar. 10, 2000) (three-justice panel).

On March 17, 2003, Appellant filed a 'complaint of zoning violation' with the zoning administrator, pursuant to sections 401(1), (6), (8), 402, 415(1) and 415 generally, and 540(A), (B), and (C). The complaint stated as the asserted violations: "A home occupation is being operated without a certificate of occupancy, with a sign not permitted which has been moved, and which stores or stored goods outside the princip[al] building, therefore not wholly within. A truck is being used as a 'sign.' The main complaint is section 540(A) together with other sections cited above." The section of the complaint form headed 'Investigation Report by the Administrative Officer,' including places for the 'action taken' on the complaint and the 'final disposition and date,' remain blank.

On April 8, 2003, Appellant appealed to the ZBA from the temporary Zoning Administrative Officer's failure to act on his March 17, 2003 complaint, referring to the failure to act and that Appellees were operating a home occupation without a certificate of occupancy. On May 7, 2003, the temporary Zoning Administrative Officer signed the Certificate of Occupancy, stating in the 'Comments' section that "[a]ll potential violations have been corrected." The Certificate of Occupancy was with the Town Clerk on May 20, 2003, after which Appellant appealed the issuance of the Certificate of Occupancy to the ZBA.

The ZBA held a hearing on June 17, 2003, and issued its decision in writing dated July 21, 2003. In its initial paragraph the decision refers to the appeal as having been from the acting Zoning Administrative Officer's "failure to act on a complaint of zoning violation" on Appellees' property. The ZBA decision concluded that the Certificate of Occupancy had not been issued in a timely manner, but that it was not void, and upheld the grant of the certificate of occupancy, but did not mention the temporary Zoning Administrative Officer's response or lack thereof to Appellant's March 17, 2003 complaint of zoning violation. If the temporary Zoning

Administrative Officer's comment on the Certificate of Occupancy was a <u>de facto</u> response to Appellant's complaint, Appellant was also entitled to appeal that determination. Appellant appealed the ZBA decision to this Court in the present appeal.

All the parties agree that Appellant's Question 6, relating to the Certificate of Occupancy, remains in this appeal.

Appellant is correct that Questions 1 through 5 also remain in the appeal, as they relate to whether the temporary Zoning Administrative Officer should have investigated or did investigate the claimed zoning violations, whether Appellees are in violation, and whether any action should be taken by the Town. A zoning administrator's failure to take a requested action itself is a 'decision or act' of the zoning administrator that is appealable under 24 V.S.A. § 4464, otherwise, that section of § 4472(a) referring to failures to act would be surplusage. While, if a violation were to be determined, the nature of the Town's remedy is discretionary, Appellant is entitled to a determination from the zoning administrator that there is or is not a violation, which in turn could be appealed to the ZBA. If the ZBA on appeal were to determine that a violation exists, then an interested party would have grounds to take action under 24 V.S.A. § 4470(c), even if the Town declined to do so under § 4444 or § 4445.

The Town and Appellees are correct that the permit became final and cannot now be challenged, but the first five questions do not seek to challenge the permit; rather, they seek to examine whether Appellees are in conformance with their permit as well as with any self-executing provisions of the Zoning Bylaws. On the other hand, Questions 7 and 8 are either unrelated questions of law seeking an impermissible advisory opinion from the Court, or they relate to the circumstances of whether Appellees' unappealed permit should have been issued, which cannot be raised in this proceeding. 24 V.S.A. § 4472. To the extent they may in some way relate to the question of whether Appellees are in violation of their permit or of the Bylaws, those questions are subsumed under Question 4.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town's and Appellees' Motions for Summary Judgment are GRANTED in Part, in that Questions 7 and 8 are dismissed from the appeal, but are otherwise DENIED, in that Questions 1, 2, 3, 4, 5, and 6 remain in the appeal. We will hold a telephone conference on March 22, 2004 to discuss setting the matter for trial (see enclosed notice).

Done at Barre, Vermont, this 27th day of February, 2004.


_____
Merideth Wright
Environmental Judge

# Footnotes