STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| Appeal of Mitchell | } | Docket No. 203-11-04 Vtec |
|  | } |  |

Decision and Order on Motion to Intervene,

Motion for Summary Judgment, and Motions to Dismiss

Appellant Steven Mitchell, Sr., appealed from decisions of the Zoning Board of Adjustment (ZBA) and Planning Commission of the Town of Lyndonville, dated October 22, 2004, approving Appellee-Applicant Pauline Harris' site plan and conditional use applications to move her plumbing business' office from 84 Pleasant Street across the street to the north side of the street at 83 Pleasant Street, and to replace an existing 14' 'x 72' residential mobile home and shed with a new 22' x '80' building to house the business at the new address, in the Commercial zoning district. Appellant appeared and represents himself; Appellee-Applicant appeared and represents herself; and the Town is represented by Robert A. Gensburg, Esq.

Town's Motion to Intervene and Appellant's Motion to Dismiss Town as a Party

Appellant's notice of appeal, filed with the Court in the form of his Motion for Summary Judgment, is dated November 9, 2004.  Nothing in the file shows whether Appellant mailed a copy of his notice of appeal by certified mail to the municipal clerk or administrative officer as required by 24 V.S.A. §4471(c), although Appellant did mail his notice of appeal to Appellee by certified mail on November 30, 2004.  On January 7, 2005, the Town moved to intervene as an interested party, claiming party status under 24 V.S.A. §4465(b)(2).[1]  Appellant has moved to dismiss the Town as a party, arguing that its appearance was not timely filed.

As may be more clearly seen in the Vermont Rules for Environmental Court Proceedings, the statute provides for interested parties to intervene as of right within the twenty-day period after receipt of the notice of appeal.  24 V.S.A. §4471(c) and see V.R.E.C.P. 5(c).  Beyond that time period they must move to intervene; the Court will generally allow intervention if no party is prejudiced by the intervention and it does not delay the proceedings.  In re Appeals of Garen, 174 Vt. 151, 153-55 (2002); VR.C.P. 24(a)(1).

In the present case, even if we assume that the Town received the required notice by certified mail on or about November 30, and therefore was beyond the twenty-day period for intervention as of right, the Town has moved to intervene early in the proceedings, no hearing on the merits has yet been scheduled, and no prejudice will result

to either of the other parties from allowing the Town to participate.  Therefore, the Town's motion to intervene is GRANTED, and Appellant's motion to dismiss the Town as a party is DENIED.

Appellant''s Motion for Summary Judgment

Appellant has moved for summary judgment, arguing that the Zoning Bylaws preclude the expansion of non-conforming uses in the Commercial zoning district, §5.3. Section 5.5 also precludes the expansion of non-complying structures that would increase their non-compliance.  §5.5.  Appellant argues that Appellee-Applicant's proposal would increase the non-compliance of the building with the rear setback and would expand a non-conforming use.

We must read all sections of the Zoning Bylaws together to make sense of each provision, if possible.  If no other section were also applicable, at least §5.5 would prohibit the proposed construction, as the new building is proposed to occupy a larger volume of the rear setback than the previous structure occupied.  See, e.g., Appeal of Tucker, Docket No. 123-7-98 Vtec (Vt. Envtl. Ct., July 29, 1999), aff'd', Appeal of Tucker, Docket No. 99-399 (Vt. Sup. Ct., Mar. 10, 2000)(three-justice panel); In re Letourneau, 168 Vt. 539 (1998); Appeal of DiVincenzo and Sineni, Docket No. 214-11-04 Vtec (Vt. Envtl. Ct., May 6, 2005).    However, the Zoning Bylaws also contain a more specific provision

applicable to new construction that is proposed to be located in, and therefore to violate, the setbacks or to violate the lot coverage requirements. Under §4.4.3, the ZBA has authority to consider a proposal that does not comply with the setbacks or lot coverage requirements as a conditional use, and to grant conditional use approval if it meets the conditional use standards and the specific requirements of §4.4.3. This is what the ZBA has done in the present case. Accordingly, Appellant's Motion for Summary Judgment must be DENIED, and Summary Judgment must be GRANTED to Appellee-Applicant and to the Town on this point.

It appears from a careful reading of Appellant's Motion for Summary Judgment, which was also treated as containing his statement of questions, that no issues remain in this appeal. Therefore, this appeal may be concluded based on today's ruling on Appellant''s Motion for Summary Judgment.

Motion to Dismiss Appellant as a Party

Both Appellee and the Town have also moved to dismiss Appellant as a party, arguing that he has not shown and will not be able to demonstrate the necessary "physical or environmental impact" on his interest under the applicable criteria, as required by 24 V.S.A. §4465(b)(3). Appellant owns property on the north side of Pleasant Street, apparently in the immediate neighborhood of the parcel at issue in the present appeal.

Appellant participated at both the Planning Commission and ZBA hearings on Appellee's application. However, 24 V.S.A. §4465(b)(3) as amended effective July 1, 2004, also requires an appellant to "demonstrate a physical or environmental impact on the person's interest under the criteria reviewed."

Even in response to the motions to dismiss him as a party, and consequently to dismiss the appeal, Appellant has not demonstrated that Appellee-Applicant's proposal will have any physical or environmental impact on him or his property, whether under the criteria for site plan approval, §9.1.5; under the criteria for conditional use approval, §4.2.2 et seq. and § 5.3; or under the §4.4.3 criteria for approval of construction in a setback or in excess of the lot coverage requirements.

Accordingly, Appellee"s and the Town's motions to dismiss Appellant as a party, and hence to dismiss the appeal, must also be GRANTED.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that:

(1)     the Town's motion to intervene is GRANTED and Appellant's motion to dismiss the Town is DENIED.

(2)     Appellant"s Motion for Summary Judgment is DENIED and Summary Judgment is instead GRANTED to Appellee-Applicant and to the Town, that §§5.3 and 5.5

do not prohibit the proposed construction if the project receives approval from the ZBA under §4.4.3.  This ruling concludes the appeal on its merits.

(3)  Appellee''s and the Town's motions to dismiss Appellant as a party (and hence to dismiss the appeal) are also GRANTED.

'

Done at Berlin, Vermont, this 3rd day of June, 2005.

'

'

'

_____

Merideth Wright

Environmental Judge

---

[1]  As Appellant's Statement of Questions claims that the ZBA "misconstrued a bylaw provision," the Town has standing to participate because its bylaws are 'at issue.' See Rossetti v. Chittenden County Transp. Auth., 165 Vt. 61, 66 (1996).