STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |
|---|---|
| In re: Centre/Hannaford Plaza PUD Modification | } |
| (Appeal of Fay, et al. ) | } Docket No. 240-10-08 Vtec |
| (Cross-Appeal of Middlebury Associates LLC) | } |

## Decision and Order on Cross-Appellant's Motion for Declaratory Judgment and Motion to Refer Matter for Further Mediation

Appellants Michelle Fay, Louise Vojtisek, Ellen Oxfeld, Frank Nicosia, Susan DeWind, Michael Olenick, Judith Olenick, Paula Israel, Tim Price, and Nancy Breiden appealed from a decision of the Development Review Board (DRB) of the Town of Middlebury, granting to Appellee-Applicant/Cross-Appellant Middlebury Associates LLC modifications to a Planned Unit Development. Middlebury Associates LLC cross-appealed, contesting certain conditions imposed in the decision. This is an on-the-record appeal, as the Town of Middlebury has adopted and implemented the procedures necessary for such appeals pursuant to 24 V.S.A. § 4471(b).

Appellants are represented by James A. Dumont, Esq.; Appellee-Applicant/Cross-Appellant Middlebury Associates LLC (Middlebury Associates) is represented by David R. Cooper, Esq.; and the Town of Middlebury is represented by Karl W. Neuse, Esq.

The Court ordered mediation of the parties' dispute. During the mediation a legal issue arose regarding the Selectboard's authority to resolve any aspect of the parties' dispute on behalf of the Town. Middlebury Associates has moved for declaratory judgment as to that authority, and has requested that the matter be referred for further mediation. We note that, even in an on-the-record appeal, legal issues are reviewed without affording deference to the DRB's legal conclusions. In re Beckstrom,

1

2004 VT 32, ¶ 9, 176 Vt. 622 (mem.) (citing <u>In re Gulli</u>, 174 Vt. 580, 582 (2002) (mem.)).

First, there is no question that it is the Town, and not the DRB, that is a party to the appeal. 24 V.S.A. § 4465(b)(2). Under the Vermont Supreme Court's interpretation of that section (formerly codified as § 4464(b)(2)), a municipality may bring or participate in an appeal with respect to the interpretation of the municipal zoning ordinance or town plan, including whether a DRB has acted within its statutory or regulatory authority, but not with respect to the wisdom or correctness of the DRB's discretionary choices made on the merits of its decision. <u>In re 232511 Invs., Ltd.</u>, 2006 VT 27, ¶ 5, 179 Vt. 409 (citing <u>Sabourin v. Town of Essex</u>, 146 Vt. 419. 420–21 (1985) (mem.); <u>Rossetti v. Chittenden County Transp. Auth.</u>, 165 Vt. 61, 66 (1996)).

In addition a municipality, acting through its selectboard, is the entity with authority to proceed with, or to decide not to proceed with, any litigation involving the municipality. See, <u>e.g.</u>, <u>Town of New Haven v. Weston</u>, 87 Vt. 7, 19–20 (1913). It is some indication of how well-settled this issue is that the most recent Vermont Supreme Court case cited by any of the parties on this point dates from 1913.

Regardless of how well-settled that general principle is, however, the procedural posture of this appeal is that no proposed full or partial settlement has been submitted to the Court for its approval. Without any specific settlement proposal submitted for Court approval, it is premature and would be an impermissible advisory opinion for the Court to pronounce upon whether any potential settlement could be approved, or whether it would exceed the authority of the Town to enter into, or even whether it would be beyond the jurisdiction of the Court. See, <u>e.g.</u>, <u>In re Opinion of the Justices</u>, 115 Vt. 524, 529 (1949) (noting that courts are constitutionally prohibited from rendering advisory opinions). Any proposed settlement, whether full or partial, and whether

among all three parties, or between any two of the parties,[1] would have to be approved by the Court. It would be at the point at which a settlement were to be proposed that the issues raised by the motions would be ripe for the Court's consideration, if at all. Accordingly, the motion is DENIED as premature and, in the present posture of the case, as advisory.

Moreover, it is not proper for the Court to be informed about the content of discussions, arguments, or allegations made during mediation. As stated during the conference, the Court has disregarded any submissions referring to such matters. It is essential to the mediation process, which has been remarkably successful in this Court's cases in general, for the participants to feel free to raise issues beyond the scope of the litigation or to raise issues that they would prefer not to come to the attention of the Court. See V.R.E. 408 and the Uniform Mediation Act, 12 V.S.A. § 5715.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Middlebury Associates LLC's Motion for Declaratory Judgment and to refer this matter back to mediation, including the request for costs and attorneys' fees, is DENIED. Of course, if the parties, or any combination of them, wish to engage in further mediation or negotiation, and to submit the results to the Court for approval, the parties may raise any issues that become appropriate in that specific context.

Done at Berlin, Vermont, this 31st day of March, 2009.

_____
Merideth[2] Wright
Environmental Judge

_____

[1] See, e.g., In re Geddes 9-Lot Subdivision, No. 101-5-07 Vtec, slip op. at 1 (Vt. Envtl. Ct. Aug. 22, 2008) (Wright, J.) (referring to prior settlement between two parties and continuation of appeal regarding third party's issues).
[2] Please note that this is the correct spelling of Judge Wright's first name.