STATE OF VERMONT

SUPERIOR COURT                                        ENVIRONMENTAL DIVISION
                                                     Docket No. 19-2-16 Vtec

---

Champlain Oil Co. & MacDuff

---

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Multiple Types (19-2-16 Vtec)

Title:           Motion to Dismiss (Motion 1)
Filer:           Champlain Oil Company
Attorney:        Liam L. Murphy
Filed Date:      April 1, 2016

Response filed on 04/29/2016 by Attorney Oliver L. Twombly for Appellant City of Barre
        Opposition
Response filed on 05/12/2016 by Attorney Liam L. Murphy for Appellee Champlain Oil Company
        Reply
Response filed on 05/23/2016 by Attorney Oliver L. Twombly for Appellant City of Barre
        Sur-Reply

**The motion is GRANTED.**

Applicant Champlain Oil Company seeks to reconstruct and redesign a gas station and convenience store on its property at 350 North Main Street in the City of Barre, Vermont (the Project). Applicant applied for a variance, conditional use approval, design review, and site plan approval from the City of Barre (City) Development Review Board (DRB) for the Project. The DRB granted all four approvals on January 21, 2016, and the City appealed that decision to this Court. In its Statement of Questions, the City primarily challenges the DRB's decision to grant a variance, arguing that the DRB did not make adequate findings or consider all five variance criteria enumerated 24 V.S.A. § 4469.

Pending before the Court is Applicant's motion to dismiss for lack of subject matter jurisdiction. In its motion, Applicant argues that the City of Barre does not have standing to appeal because it did not participate in the proceedings before the DRB, as required by 24 V.S.A. § 4471(a). In response, the City argues that Jackie Calder, the chair of the City's Planning Commission, participated in the DRB proceedings in her official capacity and voiced municipal concerns. The City offers this despite the fact that the Planning Commission had not met for two years prior to the DRB proceedings in this matter. The City adds that the City Council ratified Ms. Calder's participation after the fact, which retroactively gave Ms. Calder the power to speak on behalf of the City and rendered her comments official City participation. Applicant replies that Ms. Calder could not have spoken on behalf of the Planning Commission or the City because a municipal board must authorize a representative to speak on its behalf by a majority vote made in advance of the statements.

In reviewing a motion to dismiss, we will "accept as true all uncontroverted factual allegations and construe them in the light most favorable to the nonmoving party." In re Jolley Assoc. Car Wash—Middlebury, No. 179-12-13 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Mar. 19, 2014) (Walsh, J.), aff'd sub nom. In re MDY Taxes, Inc., 2015 VT 65.

The Court has serious concerns with allowing Ms. Calder's comments to constitute "participation" by the City. Even assuming that Ms. Calder was present in her official capacity and authorized to speak on behalf of the Planning Commission (which is not at all clear), participation by the Planning Commission is not necessarily participation by the City itself. The Court also doubts that a city council can satisfy the participation requirement by ratifying an individual's comments after the fact, since, as Applicant points out, this would effectively eviscerate the requirement that interested parties appear before municipal land use panels and express their concerns "in the first instance." In re Verizon, 2010 VT 62, ¶ 10. We do not resolve these issues definitively in this appeal, however, because we grant Applicant's motion to dismiss on a different basis: that the City is not an "interested person" in the present matter, and therefore has no standing to appeal the DRB's grant of a variance.

Title 24 gives planning commissions, development review boards, and zoning boards of adjustment (collectively known as "appropriate municipal panels" or AMPs) the exclusive power to review development within the town. See 24 V.S.A. § 4460(e) (listing the development review functions of appropriate municipal panels). Title 24 also gives "interested person[s]" the power to appeal AMPs' zoning and land use decisions to the Environmental Division. An "interested person" is defined as, among other things, "[t]he municipality that has a plan or a bylaw at issue in an appeal . . . ." 24 V.S.A. § 4465(b)(2).

The Supreme Court has held that these statutes give municipalities a qualified right to appeal the decisions of their AMPs, and that towns may only appeal a zoning decision when a town plan or bylaw is "at issue" in a case. Sanbourin v. Town of Essex, 146 Vt. 419, 420 (1985). The Supreme Court has also held that a bylaw is not "at issue" unless an appellant municipality claims that an AMP exceeded its authority or misconstrued a zoning bylaw. See Rossetti v. Chittenden Cnty. Transp. Auth., 165 Vt. 61, 66 (1996); In re 232511 Invs., Ltd., 2006 VT 27, ¶ 5, 179 Vt. 409. If a town simply disagrees with how an AMP applied a bylaw to the facts of an application, it may not appeal the decision, for to do so would be to challenge the wisdom of the AMP and invade the exclusive power granted to the AMP by the Legislature. See Rossetti, 165 Vt. at 66; In re 232511 Invs., Ltd., 2006 VT 27, ¶ 5.

Here, the City challenges a decision by the DRB (a type of AMP) to grant a variance, arguing that the DRB failed to make specific findings under all five variance criteria, and that "had the DRB complied with the statute and rendered findings on all five (5) criteria, it could not have lawfully rendered a decision granting a variance." See City of Barre's Statement of Opp. to Mot. to Dismiss at 5–6. The City does not claim that the DRB misinterpreted the variance criteria, only that the DRB's analysis under the criteria was inadequate and incomplete. Nor does the City claim that the DRB acted outside the scope of its authority, only that the DRB neglected its "duty" to consider all five criteria. The City's appeal is therefore a challenge to the DRB's application of the bylaws[1] to the facts, and not to the DRB's interpretation of the bylaws or to its power to grant a variance. Applying the zoning bylaws to the facts is a job exclusively entrusted to AMPs by the

---

[1] The five variance criteria can be found in 24 V.S.A. § 4469. We use the term "bylaws" here, even though the variance criteria are statutory, because in Rossetti v. Chittenden County Transportation Authority, the Supreme Court clarified that a "bylaw" may still be at issue within the meaning of the appeals statute when an AMP considers a variance application under the statutory criteria. 165 Vt. 61, 66 (1996).

Legislature, see 24 V.S.A. § 4460, and allowing municipalities to challenge that analysis would infringe on this delegation of power. See Rossetti, 165 Vt. at 65 (quoting Township of Dover v. Bd. of Zoning Adjustment, 386 A.2d 421, 425 (N.J. Super. Ct. App. Div. 1978)). Because there is no dispute in this appeal over the interpretation of the variance criteria or the DRB's authority to issue a variance, we conclude that there is no bylaw "at issue" in this case, and therefore that the City lacks standing to bring this appeal.

We pause to note that the standing requirement we discuss in this opinion—that town plan or bylaw be "at issue"—applies only when a town *appeals* a decision of a municipal panel; it does not apply when towns participate as interested parties in municipal appeals initiated by other parties with standing because, under Title 10, towns may intervene as "parties by right" in appeals of projects within their borders. See 10 V.S.A. § 8504(n)(2) (allowing parties by right to intervene in municipal appeals); 10 V.S.A. § 8502(5)(C) (defining "party by right" as, among others, "the municipality in which the project site is located, and the municipal and regional commissions for that municipality.").

Because we conclude that a municipal plan or bylaw is not "at issue" in this case, the City is not an interested person for the purposes of the appeals statute, and it lacks standing to bring this appeal. We therefore **GRANT** Applicant's motion and **DISMISS** the pending appeal. A judgment order accompanies this entry order. This concludes the matter before the Court.

**So ordered.**

Electronically signed on August 01, 2016 at 02:34 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Oliver L. Twombly (ERN 3690), Attorney for Appellant City of Barre
Liam L. Murphy (ERN 3953), Attorney for Appellee Champlain Oil Company